UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUEL PEREZ,

      Petitioner,

v.

DAVID MARIN, Warden,

      Respondent.

Case No. 5:26-cv-01241-SB-KES

REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

This Report and Recommendation ("R&R") is submitted to the Honorable Stanley Blumenfeld, Jr., United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.    BACKGROUND**

On March 16, 2026, Perez Manuel ("Petitioner") filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. ("Petition" at Dkt. 1.) The Petition alleged:

I am being subjected to immigration detention without any due

process and with no deportation [in] the foreseeable future (I am

1

Cuban)[.] … [T]hey have not taken or identified what concrete step[s] ICE has taken to process any travel document which Cuba will not issue. … The government fail[ed] to follow non-discretionary, statutory, and due process requirements when [they]: (1) [re-]detained [Petitioner, who was previously] released on supervision; (2) [sought] removal of [Petitioner] to a third country not included in his removal order; [and] (3) [held Petitioner in an] extended amount of time on detention (over 9 months) which is ample time to have effected deportation.

(Pet. at 6.)  The Petition requested the following relief:

1.    Order Respondent[] to immediately release [Petitioner] from custody.

2.    Enjoin Respondent from re-detainment under 8 U.S.C. § 1231(a)(b) unless and until Respondents obtain a travel document for removal;

3.    Enjoin Respondent[] from removing [Petitioner] to any country other than Cuba, without a written notice to [Petitioner's] counsel and [Petitioner] in a language that [Petitioner] can understand.

4.    Enjoin Respondent from re-detaining [Petitioner] without first following all procedures set forth in 8 C.F.R. §§ 241.4(c), 241.13(i), and any other applicable statutory and regulatory procedures.

5.    Order that Respondent provide the Court and counsel with at least two days' notice prior to any removal from California.

(Pet. at 7.)

On March 25, 2026, the Court appointed attorney Michael Gomez as counsel for Petitioner under 18 U.S.C. § 3006A(a)(2).  (Dkt. 7.)  The Court ordered Respondent to respond to the Petition by March 27, 2026.  (Dkt. 5.)  Respondent timely filed a response, which states, " The Court … ordered Respondent to file a response to the TRO Application [sic]….  The Respondent is not presenting an opposition argument at this time."  (Dkt. 10.)

2

## II.   DISCUSSION

Because Respondent has presented no opposition argument, Respondent appears to be conceding that there is no significant likelihood of Petitioner's removal to Cuba and/or a third country in the reasonably foreseeable future.  See generally 8 C.F.R. § 241.13; Zadvydas v. Davis, 533 U.S. 678 (2001).  Ordering Petitioner's release from custody (see Pet. at 7 ¶ 1) is therefore appropriate.

It is not clear from the present briefing whether the Court can grant the other relief sought in the Petition (see Pet. at 7 ¶¶ 2-5).  Per the deadlines set forth below, Petitioner's newly appointed counsel should file a supplemental memorandum of law supporting that relief or file a notice of voluntary dismissal if Petitioner is no longer seeking that relief.

Because Respondents have indicated that they have no opposition argument, they have waived the objections period.  Cf. Tripati v. Drake, 908 F.2d 977 (9th Cir. 1990) ("Tripati argues the district court failed to afford him 10 days to object to the magistrate's recommendation pursuant to 28 U.S.C. § 636(b)(1)….  The district court, however, need not afford the parties the full amount of time allotted in the statute.  Ten days is a maximum not a minimum.") (citing United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978), cert. denied, 435 U.S. 955 (1978)).

## III.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order ruling as follows:

1.   The R&R is accepted and approved.

2.   The Petition is granted in part.

3.   Respondent shall immediately release Petitioner from custody and file a status report **within 3 days** confirming that he has been released.

4.   **Within 7 days**, Petitioner shall file either (a) a notice of voluntary dismissal of the Petition, or (b) a supplemental memorandum of law supporting the additional relief requested in the Petition.  Any

supplemental memorandum of law should address the following issues (as well as any other issues Petitioner believes appropriate):

- Can the Court order the other forms of injunctive relief sought in the Petition (e.g., ordering the government not to re-detain Petitioner except under certain conditions) even though the only Respondent named in the Petition appears to be identified as the warden of the Adelanto facility where Petitioner is detained? Should Petitioner be granted leave to amend the Petition to add other Respondents?

- Is it appropriate for the Court to order that the government not re-detain Petitioner unless they have travel documents in hand? Can the government show that his removal is reasonably foreseeable without travel documents in hand?

5. The case is referred back to the undersigned Magistrate Judge for further proceedings.

DATED: March 31, 2026

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

4